UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHICAI LIU,

    *Plaintiff*,

v.

ALEJANDRO MAYORAKS, *et al.*,

    *Defendants*.

Civil Action No. 23-2495 (LLA)

## MEMORANDUM OPINION

Plaintiff Shicai Liu brought this mandamus action against three government officials—U.S. Department of Homeland Security ("DHS") Secretary Alejandro Mayorkas, U.S. Citizenship and Immigration Services ("USCIS") Director Ur Mendoza Jaddou, and USCIS Virginia Asylum Office Director Jedidah Hussey (collectively, "Defendants")—seeking to compel a decision on his immigration application. Defendants move to have this case transferred to the District of Maryland under 28 U.S.C. § 1404(a) or dismissed under a combination of Federal Rules of Civil Procedure 12(b)(6) and 12(b)(3). ECF No. 23. Mr. Liu opposes transfer and dismissal. ECF No. 24. For the reasons explained below, Defendants' motion is granted in part and denied in part, and the case will be transferred to the District of Maryland under 28 U.S.C. § 1404(a).

**I.    Background**

Mr. Liu seeks to compel Defendants to adjudicate his Form I-589, Application for Asylum and Withholding of Removal ("Application"). ECF No. 1, ¶ 1. He argues that the government has failed to act within a reasonable period of time as required by 5 U.S.C. §§ 555(b) and 702. *Id.* at ¶¶ 18, 22.

Mr. Liu lives in Rockville, Maryland. *Id.* at ¶ 7. His Application is currently pending at the USCIS Asylum Office located in Arlington, Virginia. *See id.* at ¶¶ 10-11; ECF No. 24, at 3. Defendant Mayorkas resides in Washington, D.C., ECF No. 23, at 1; and Defendants Jaddou and Hussey reside in Camp Springs, Maryland, *id.* at 2, ECF No. 25-2, at 12-3.

## II.     Discussion

### A.     Section 1404(a) Governs Defendants' Transfer Request

Two federal statutes generally govern transfers of venue. Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Under 28 U.S.C. § 1406(a), if venue is improper in the original district, "the district shall dismiss, or if it be in the interest of justice, transfer" to an appropriate venue.

Several judges in this district will apply Section 1404(a) in cases where the propriety of venue in this district is in question. *See, e.g.*, *Claros v. Cowan*, No. 21-CV-609, 2021 WL 1820209, at *1 (D.D.C. May 6, 2021) ("Although Plaintiffs and Defendants disagree about whether venue is proper in this District, the Court need not wade into that controversy today. Instead, it will proceed with the § 1404(a) transfer framework[.]"); *Bradley v. Cardona*, No. 22-CV-3316, 2023 WL 8469669, at *2 n.2 (D.D.C. Dec. 7, 2023) (following *Claros*); *Wei Lai Dev. LLC v. U.S. Citizenship & Immigr. Servs.*, No. 21-CV-887, 2021 WL 2073403, at *3 n.5 (D.D.C. May 24, 2021) (similar). *But see Melnattur v. U.S. Citizenship & Immigr. Servs.*, No. 20-CV-3013, 2021 WL 3722732, at *3 n.4 (D.D.C. Aug. 23, 2021) ("Transfer under § 1404(a) is only appropriate if venue is also proper in the district in which the suit is initially brought; otherwise, 28 U.S.C. § 1406(a) is the appropriate mechanism for transfer."). The rationale underlying the majority view is that nothing in the text of Section 1404(a) restricts its application to cases in which

2

venue in the transferor district is proper and none of the cases interpreting these provisions "prohibit[] transfer under [Section] 1404(a) when [Section] 1406 might also require transfer." *Bradley*, 2023 WL 8469669, at *2.

This court disagrees. In its view, Sections 1404(a) and 1406(a) are mutually exclusive, with Section 1404(a) governing the analysis when venue in the original district is proper and Section 1406(a) controlling when the original venue is improper. This conclusion follows from the text of Section 1404(a), the overall statutory structure, and guidance from the Supreme Court and federal appellate courts.

To begin, applying Section 1404(a) only when venue is proper in the original district gives full effect to the plain language of the statute, which provides that transfer is to "any *other* district or division *where it might have been brought*." "It is a cardinal principle of statutory construction that a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant." *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001) (internal quotation marks omitted). Congress's use of the word "other" signals to the court that the transferor district must also be one where the case might have been brought; otherwise, the word would be doing no independent work. *See* 28 U.S.C. § 1404(a). Next, the statutory structure indicates that Section 1404(a) is limited to cases where venue is proper in the transferor district. If Section 1404(a) applied regardless of whether venue in the original district was proper, there would be no need for Section 1406(a). That is because a case brought in an improper venue is already subject to dismissal under Rule 12(b)(3), and Section 1404(a) would account for the balance of cases where transfers were appropriate. *See TRW Inc.*, 534 U.S. at 31. Finally, treating Sections 1404(a) and 1406(a) as mutually exclusive is consistent with the Supreme Court's understanding of the statutory framework. In *Van Dusen v. Barrack*, 376 U.S.

3

612 (1964), the Court explained that "[Section] 1406(a) provides for transfer from forums in which venue is wrongly or improperly laid, whereas, in contrast, [Section] 1404(a) operates on the premise that the plaintiff has properly exercised his venue privilege." *Id.* at 634 (footnote omitted). While this is admittedly dicta, this court finds it persuasive, especially given that other federal appellate courts have expressly held that Sections 1404(a) and 1406(a) are mutually exclusive. *See, e.g.*, *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995) ("Section 1404(a) provides for the transfer of a case where both the original and the requested venue are proper. Section 1406, on the other hand, applies where the original venue is improper[.]"); *In re Atl. Marine Const. Co.*, 701 F.3d 736, 739 (5th Cir. 2012), *rev'd sub nom. Atl. Marine Const. Co v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49 (2013) ("Thus, the determination of whether § 1406 or § 1404(a) applies turns on whether venue is proper in the court in which the suit was originally filed. If venue is improper in that court, then § 1406 or Rule 12(b)(3) applies. If venue is proper in that court, then § 1404(a) applies."); *see also* 17 James W. Moore et al., *Moore's Federal Practice – Civil* § 111.02 (2024) ("When venue in the original district is proper, Section 1404(a) (the convenience transfer statute) applies; when venue is wrong, Section 1406(a) (the improper venue statute) applies.").[1]

Accordingly, this court concludes that it must first assess whether venue is proper in this district, as that will determine whether Defendants' request for a transfer is analyzed under Section 1404(a) or Section 1406(a). Venue in this case is governed by 28 U.S.C. § 1391(e)

---

[1] While not relevant here because this case arises under federal law, it is worth noting that in diversity cases, the statute under which transfer is effected governs the substantive law that applies in the transferee court. If a transfer is under Section 1404(a), the substantive law of the original district applies. *Van Dusen*, 376 U.S. at 633-34. If the transfer is under Section 1406(a), the law of the transferee district applies. *See Martin v. Stokes*, 623 F.2d 469, 472 (6th Cir. 1980) (collecting cases).

because Mr. Liu brought suit against federal officers acting in their official capacities. Under Section 1391(e)(1), venue is proper "in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action." Secretary Mayorkas resides in the District of Columbia. ECF No. 23, at 1; s*ee Lamont v. Haig*, 590 F.2d 1124, 1128 n.19 (D.C. Cir. 1978) (explaining that "what controls is the official residence of the federal defendant where the official duties are performed and not the personal residence of an individual who is a defendant"). Since one defendant is a resident of this district, venue is proper here and Section 1404(a) governs the transfer analysis.[2]

### B.   Applying Section 1404(a)

There are two steps in determining whether to transfer a case under Section 1404(a). First, the court must determine either that the action could have been brought in the transferee district or that the parties consent to litigating there. 28 U.S.C. § 1404(a). Second, the court must decide whether "considerations of convenience and the interest of justice weigh in favor of transfer to that district." *Blackhawk Consulting, LLC v. Fed. Nat'l Mortg. Ass'n*, 975 F. Supp. 2d 57, 59 (D.D.C. 2013). This requires an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen*, 376 U.S. at 622). In making this determination, the court "weigh[s] several private- and public-interest

---

[2] Defendants argue that Secretary Mayorkas should be dismissed under Rule 12(b)(6) because the "[c]omplaint contains no allegations indicating a connection between the Secretary's official acts and the alleged delay regarding Plaintiff's immigration application." ECF No. 25, at 5. Defendants can renew that argument in the District of Maryland. *See Raju v. Jaddou*, 22-CV-2308, 2023 WL 5321888 (D.D.C. Apr. 7, 2023) (explaining that the defendants could renew a similar Rule 12(b)(6) motion in the transferee court).

factors." *Blackhawk Consulting, LLC*, 975 F. Supp. 2d at 59-60. The private-interest factors include: "(1) the plaintiff's choice of forum; (2) the defendant's preferred forum; (3) the location where the claim arose; (4) the convenience of the parties; (5) the convenience of the witnesses; and (6) ease of access to sources of proof." *Id.* at 60. The public-interest factors include: "(1) the transferee's familiarity with the governing law; (2) the relative congestion of the courts of the transferor and potential transferee; and (3) the local interest in deciding local controversies at home." *Id.* (quoting *Onyeneho v. Allstate Ins. Co.*, 466 F. Supp. 2d 1, 3 (D.D.C. 2006)).

On the first step, the court concludes that the suit could have originally been brought in the District of Maryland. As noted, Section 1391(e)(1) provides that venue is proper "in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action." Venue is proper in the District of Maryland under both (A) and (C), because Defendants Jaddou and Hussey reside in the District of Maryland and because Mr. Liu is a resident of Maryland. ECF No. 23, at 2; ECF No. 25-2, at 12-3; ECF No. 1, ¶ 7.

On the second step, the court concludes that both the private- and public-interest factors weigh in favor of transfer to the District of Maryland. *See Blackhawk Consulting, LLC*, 975 F. Supp. 2d at 59. The court begins with the private-interest factors. As to the plaintiff's choice of forum, Mr. Liu initially brought his case in this district, and he does not consent to his case being transferred to the District of Maryland. ECF No. 24, at 1. This factor weighs against a transfer, but it will be given "minimal weight" because this district is not Mr. Liu's home forum. *Bourdon v. U.S. Dep't of Homeland Sec.*, 235 F. Supp. 3d 298, 305 (D.D.C. 2017) ("Although the 'plaintiff's choice of forum is ordinarily entitled to deference,' that choice is conferred

6

considerably less deference when it is not the plaintiff's home forum, has few factual ties to the case at hand, and defendants seek to transfer to plaintiff's home forum." (quoting *Nat'l Ass'n of Home Builders v. U.S. Envt'l Prot. Agency*, 675 F. Supp. 2d 173, 179 (D.D.C. 2009)).[3]

As evidenced by the motion to transfer, Defendants prefer the District of Maryland. That is also Mr. Liu's home district, and "[t]ransfer is favored when defendants' preferred forum is also the plaintiff's home forum." *Wolfram Alpha LLC v. Cuccinelli*, 490 F. Supp. 3d 324, 332 (D.D.C. 2020).

The third private-interest factor—where the claim arose—is neutral. "[I]n APA cases like this one, the underlying claim typically arises 'where the decisionmaking process occurred.'" *McAfee, LLC v. U.S. Citizenship & Immigr. Servs.*, No. 19-CV-2981, 2019 WL 6051559, at *1 (D.D.C. Nov. 15, 2019). Mr. Liu's case is being handled in USCIS's Arlington, Virginia office, which is in neither district.

The fourth and fifth factors favor a transfer. As for the convenience of the parties, Mr. Liu "cannot reasonably claim to be inconvenienced by litigating in his home forum," *Wolfram Alpha LLC*, 490 F. Supp. 3d at 333 (quoting *Aishat v. U.S. Dep't of Homeland Sec.*, 288 F. Supp. 3d 261, 270 (D.D.C. 2018)), and Defendants prefer to litigate there. Finally, Mr. Liu will likely be the key witness and rely on personal records to develop his claim, making his home district a better venue.

The public-interest factors likewise weigh in favor of a transfer or are neutral. First, there is no reason to suspect that any federal district court is unfamiliar with federal immigration law.

---

[3] In opposing a transfer, Mr. Liu states that USCIS is headquartered in the District of Columbia and that, accordingly, "two Defendants out of the total three are . . . [District of Columbia] residents." ECF No. 24, at 1. The court notes, however, that while USCIS was previously located in the District of Columbia, its headquarters moved to Camp Springs, Maryland in December 2020. *See Wei Lai Dev.*, 2021 WL 2073403, at *3 n.5; ECF No. 25-2 (Bowie Decl. ¶¶ 4-8). This means that only Secretary Mayorkas is a resident of the District of Columbia.

*See Nat'l Wildlife Fed'n v. Harvey*, 437 F. Supp. 2d 42, 49 (D.D.C. 2006) (explaining that where "both courts are competent to interpret the federal statutes involved[,] . . . there is no reason to transfer or not transfer based on this factor"). Next, while there can be no dispute that each district faces congested dockets, Defendants make a compelling point that transferring application-specific immigration cases to the plaintiffs' home district will prevent this district from being inundated with these cases merely because the Secretary of Homeland Security resides here. ECF No. 23, at 7; *see Claros*, 2021 WL 1820209, at *3 ("Spreading [these cases] across the country makes eminent sense and tips the scales on this factor toward transfer."). Finally, "[b]ecause any potential impacts are to be felt locally, the controversy is truly local to" Mr. Liu's home district of Maryland. *Pres. Soc'y of Charleston v. U.S. Army Corps of Eng'rs*, 893 F. Supp. 2d 49, 58 (D.D.C. 2012); *see S. Utah Wilderness All. v. Norton*, 315 F. Supp. 2d 82, 88-89 (D.D.C. 2004) (noting that a forum had a clear interest in resolving disputes where the alleged consequences of an action would be most particularly felt).

After balancing the relevant factors as set forth above, the court concludes that transfer to the District of Maryland aides the convenience of the parties and witnesses and is in the interest of justice. *See* 28 U.S.C. § 1404(a). The court will therefore transfer this action to the District of Maryland.[4]

---

[4] As a final matter, the court rejects Mr. Liu's argument that Defendants' motion to transfer was untimely. ECF No. 24, at 1. Defendants were served with the complaint on December 12, 2023, and they filed their motion on February 12, 2024. ECF No. 25-1; ECF No. 23. Under Federal Rule of Civil Procedure 12(a)(2), Defendants had sixty days after service to respond to the complaint, and under Rule (6)(a)(1)(C), that deadline rolled to Monday, February 12, 2024.

### III. Conclusion

For the foregoing reasons, the court will transfer the case to the District of Maryland but deny Defendants' motion to dismiss. Additionally, the court will direct Defendants to respond to the complaint no later than twenty-one days after the case is docketed in the District of Maryland. An Order consistent with this Memorandum Opinion will issue contemporaneously.

**SO ORDERED**.

/s/ Loren L. AliKhan
LOREN L. ALIKHAN
United States District Judge

Date: June 14, 2024